IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

ORBITZ, LLC,  )
            )
    Plaintiff,  )
            )
v.          )  No. 05 C 5972
            )
            )
WORLDSPAN, L.P.,  )
            )
    Defendant.  )

## MEMORANDUM OPINION AND ORDER

Orbitz, LLC ("Orbitz") filed a two-count complaint against Worldspan, LP ("Worldspan") in the Circuit Court of Cook County, Illinois, alleging: 1) a violation of the Illinois Consumer Fraud and Deceptive Business Practices Act (the "ICFA"), 815 ILCS 505/2; and 2) a state law action for equitable estoppel. Orbitz is an internet company that provides consumers with online travel services. Worldspan provides the electronic distribution of travel information to *inter alia*, online travel service companies. In 2001, Orbitz and Worldspan entered into an agreement under which Worldspan would provide Consumer Reservation Systems ("CRS") services for Orbitz's website. The parties amended the original agreement in 2002 and 2004, altering certain terms and extending the agreement until 2011. The crux of Orbitz's complaint is that Worldspan withheld its interpretation of material terms of the agreement and opinion that Orbitz had violated these terms in order to induce Orbitz into signing the amendments so that Worldspan

could later file several legal claims against Orbitz for violation of the agreement and continue to reap the benefits of the agreement until 2011 under its more favorable interpretation of these material terms.

The complaint also alleges that the 2002 amendment was void and unenforceable because it violated Department of Transportation ("DOT") regulation, 14 C.F.R. § 255.8(b), which at the time prohibited agreements with CRS providers that required a subscriber to use a particular CRS for a minimum volume of transactions, prevented a subscriber from using other CRS systems, or had a duration of more than five years.

Worldspan removed the action to this court claiming that the action arises under federal law because resolution of both claims would require the interpretation the DOT regulation and the action therefore "'implicate[s] [the] significant federal issue[] of whether the federal Department of Transportation regulations rendered the Worldspan-Orbitz agreement illegal." (quoting *Grable & Sons Metal Prod., Inc. V. Darue Eng'g & Mfg.*, 125 S. Ct. 2363, 2367 (2005)). Orbitz filed a motion to remand the case and has requested costs and actual expenses, including attorneys' fees, incurred as a result of Worldspan's removal. I find this case was improperly removed and remand to the Circuit Court of Cook County.

## I. Motion to Remand

"[R]emoval is proper over any action that could have been filed originally in federal court. *Tylka v. Gerber Prods. Co.*, 211 F.3d 445, 448 (7th Cir. 2000). "The party seeking removal has the burden of establishing the jurisdiction of the district court." *In re Application of County Collector of County of Winnebago, Illinois*, 96 F.3d 890, 895 (7th Cir. 1996). The removal statute should be construed narrowly, and any doubts about jurisdiction should be resolved in favor of remand. *Doe v. Allied-Signal*, 985 F.2d 908, 911 (7th Cir. 1993). If any of Orbitz's claims are removable, the entire case may be removed on the basis of supplemental jurisdiction. *Fournier v. Lufthansa German Airlines*, 191 F. Supp. 2d 996, 1000 (D. Ill. 2002). Where the basis of removal is federal question jurisdiction, the plaintiff's cause of action must "aris[e] under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. In order to arise under federal law, a claim must either "plead[] a cause of action created by federal law" or be a state law claim "that implicate[s] significant federal issues." *Grable*, 125 S.Ct. at 2367.

In this case, Worldspan concedes there is no private right of action and proceeds under the theory that Orbitz's claims implicate significant federal interests. In *Grable*, the Supreme Court articulated the standard for determining whether jurisdiction exists under this theory: "the question is, does a state-law claim

3

necessarily raise a stated federal issue, actually disputed and substantial, which a federal forum may entertain without disturbing any congressionally approved balance of federal and state judicial responsibilities." *Id.* at 2368. Worldspan argues that interpretation of the DOT regulations is necessary to the resolution of Orbitz's state law claims, that this issue is substantial, and that it may be addressed without disturbing the balance between federal and state courts.

The first question is whether it is necessary to interpret the DOT regulations in order to resolve Orbitz's claims. With regard to Orbitz's ICFA claim, Worldspan argues that Orbitz must allege conduct that is both unfair and deceptive and that the only alleged unfair conduct in the complaint is that the agreement violated the DOT regulations. The ICFA states, however, that:

> Unfair methods of competition and unfair or deceptive acts or practices, including but not limited to the use or employment of any deception, fraud, false pretense, false promise, misrepresentation or the concealment, suppression or omission of any material fact, with intent that others rely upon the concealment, suppression or omission of such material fact . . . in the conduct of any trade or commerce are hereby declared unlawful whether any person has in fact been misled, deceived or damaged thereby.

815 ILCS 505/2. Therefore, in order to succeed on its ICFA claim Orbitz only needs to allege conduct that is deceptive or unfair. *See Robinson v. Toyota Motor Credit Corp.*, 201 Ill. 2d 403, 417 (Ill. 2002). In its complaint, Orbitz alleges a series of material omissions by Worldspan made prior to the amendments to the contract

4

that support its ICFA claim. This conduct is wholly independent of whether or not the agreement violated the DOT regulations. Reference to the DOT regulations made by Orbitz is not necessary to the deceptiveness of this alleged conduct. Orbitz's allegation regarding the invalidity of the amendment is not essential to the establishment of its ICFA claim.[1] See e.g. Baker v. BDO Seidman, L.L.P., 390 F. Supp. 2d 919, 921-22 (N.D. Ca. 2005) (citing Christianson v. Colt Indus. Operating Corp., 486 U.S. 800, 810 (1988)).

Worldspan alternatively argues that Orbitz must show that its "actions affected public concerns in some manner" because Orbitz was a reseller, and not a consumer of Worldspan's technology. See, e.g., Williams Elec. Games, Inc. v. Garrity, 366 F.3d 569, 579 (7th Cir. 2004). Worldspan argues that the record conclusively establishes that Orbitz was a reseller and that the only way Orbitz can show that its actions affected public concerns is by establishing the agreement violated the DOT regulations. 815 ILCS 505/1(e).

Orbitz has specifically alleged it is a consumer and not a reseller of Worldspan's products. Therefore, resolution of the DOT

---

[1] The court notes that Worldspan has only argued that it is necessary for Orbitz to show the invalidity of the amendment under the regulation in conjunction with the alleged omissions in order to succeed on its ICFA claim. Worldspan has not argued that the allegations regarding the invalidity of the amendment actually constitute a separate claim and are necessary to success on that claim.

regulation is not essential to Orbitz's ICFA claim as it is alleged in the complaint. The problem with Worldspan's argument is that a determination that Orbitz is not a consumer for purposes of the ICFA would mean that Orbitz's claim, as pled, would fail. That determination would not, however, transform that claim into one brought as a reseller that could be properly removed to federal court (assuming the other factors of the *Grable* test were also met). Worldspan's argument is therefore appropriate for a motion for summary judgment, but does not provide a basis for establishing the jurisdiction of this court.

Orbitz's equitable estoppel claim also does not require the resolution of a federal issue. This claim is based upon the same allegedly deceptive conduct as its ICFA claim, which I already have determined does not require a finding that the agreement violated the DOT regulation.[2] Accordingly, I find that Orbitz's equitable estoppel claim does not necessitate the resolution of a federal issue.

Having determined that case was improperly removed for the above reasons, I do not reach Orbitz's alternative arguments for remand. Orbitz's motion to remand to the Circuit Court of Cook County is granted.

---

[2] The court notes that Worldspan has not made the argument that the invalidity of the agreement actually constitutes separate equitable estoppel claim.

## II. Costs and Expenses

Orbitz also requests costs and actual expenses, including attorney's fees. "Absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal. Conversely, when an objectively reasonable basis exists, fees should be denied." *Martin v. Franklin Capital Corp.*, 126 S.Ct. 704, 711 (2005). While I disagree with Orbitz's arguments, its arguments were not frivolous. I do not find unusual circumstances in this case and deny Orbitz's request for costs and expenses.

ENTER ORDER:

**Elaine E. Bucklo**
United States District Judge

**Dated:** April 3, 2006